MARY S. MASON *et al.* v. WHITE MARSHALL *et al.*

1. FINDING, *Sustained by Sufficient Evidence.* The rent for one year of a number of small buildings was assigned for collection to the holder of twelve notes of $125 each, payable monthly during the year, to be applied in payment of them.    There was evidence tending to show that the rents amounted to from $125 to $130 per month immedi-ately before, and to from $120 to $125 shortly after the year expired, and that all the notes had been delivered up at the end of the year. The holder of the notes introduced evidence to show that she col-lected only from $60 to $90 per month as rent.    A finding that the notes were paid in full by the rents, is sustained by sufficient evidence, and will not be disturbed.

2. NOTE—*Payment in Full—Finding, Not Error.* A note was given for $778.    There was a dispute over the sum actually advanced therefor. The payee accounted for only $431.    The maker, being the owner of several different pieces of property, assigned the rents thereof in payment of the note.    There was testimony showing that their rental value was $125 per month.    The payee of the note held possession, collected and appropriated the rents for four months.    The court found the note was paid in full.    *Held,* Not error.

*Error from Shawnee District Court.*

THE opinion states the nature of the action, and the material facts.   Trial by the court, which made findings of fact and conclusions of law; and thereon, on December 29, 1886, rendered judgment for defendants *Marshall*, and against the defendants *Mason* and the *Bank of Topeka*.   They bring the case to this court.

*F. G. Hentig*, for plaintiffs in error.

*Vance & Campbell*, for defendants in error.

Opinion by HOLT, C. :  This action was brought in the Shawnee district court by R. E. Heller, against White Marshall, Amanda Marshall his wife, and others, upon a judgment obtained by him before a justice of the peace against White Marshall.    Mary S. Mason and the Bank of Topeka were made defendants; the plaintiff seeking to subject the property of defendant Marshall to the payment of his debt, and making his mortgagees and judgment creditors parties to the suit. The case was tried by the court without a jury; findings of fact were made, and upon them judgment was rendered for defendants Marshall, and against defendants Bank of Topeka and Mason.    They bring this case here for review, claiming that the findings are against the evidence.

The action arose primarily upon the dealings between White Marshall and Mary S. Mason, through her husband and agent, Washington Mason, and it extended through numerous transactions for a considerable length of time.    We shall not attempt to give in detail these business dealings, as their recital would be profitless in the determination of this case, although they are fully set out in the evidence brought here, and were evidently carefully and thoroughly examined by the trial court. After some dealings between Mason and Marshall, by mutual arrangement it was agreed that Marshall and wife should give a mortgage to Mary S. Mason upon different lots and parcels of land owned by Marshall, upon which were small houses

and shanties that were rented by him. The mortgage was in some instances a second mortgage upon the property, and in others it was a third mortgage. We believe that in every instance it was subsequent to some other mortgage upon the property named. A note was given for $1,474.60, due in one year from date. The court in its findings states that the note was given for sums aggregating about $1,200 or $1,300, but the exact amount could not be arrived at from the evidence. At the time of the giving of the note for $1,474.60, or the "big note," as it is called, Marshall executed to Mason twelve notes of $125 each, payable at intervals of one month, and at the same time executed to Mary S. Mason and her agent a power of attorney to collect all the rents of the property mortgaged; and it was understood, so Marshall states, that when the twelve notes were all paid in full, the "big note" should be surrendered as fully paid. This is not denied by Mason now, whatever the intention may have been when they were executed. Mason took charge of the collection of the rents, and surrendered the notes. After seven or eight of the notes had been turned back to Marshall, the "big note" was attempted to be transferred before due to the bank, but for some reason it was not purchased, but was placed as a special deposit. At the end of the year, when all the other notes were delivered, the "big note" was not surrendered, but was set forth in this action as a basis for a claim against Marshall and wife. Mason claims that, instead of collecting the full amount of $125 a month for the rents of the property, the amounts actually collected were from $60 to $90 per month. We think that the burden of proof rested upon Mason to show that she did not receive the full amount specified in the notes as rent, when she turned them back to Marshall as paid. There was a conflict of evidence concerning the amount of rents received, and the court found that the rental value of the property was from $125 to $130 per month when it was turned over to Mason, and when afterward Marshall took charge of the property it was of the value of $120 to $125. Marshall's testimony was to the effect that the rental value

<div style="margin-left:...">1.Finding, sustained by sufficient evidence.</div> was from $125 to $135 per month. His testimony, together with the fact that a note for $125 was turned over for each month's rent, would be sufficient evidence to justify the finding of the court that the "big note" was fully paid by the rents for the property for the year commencing February 1, 1885.

There was another note given by Marshall and his wife to Mary S. Mason, for $778, but the face of the note included a great amount of usury; how much, we are unable to say. The court in its findings says it is unable to find any other consideration for this note than one for $108, due thirty days after its date, given for $100 borrowed of Mason by Marshall; and the balance of a note for $189.25, due in thirty days after its date, signed by Russell and Marshall, for $160 loaned Russell, and upon which there had been a payment of $40. We are not prepared to say that this finding is incorrect, but, viewing the testimony in a favorable light for Mason, and after examining all the items, we are unable to find where more than $431 of the $778 was advanced, and the testimony regarding a part of the sum of $431 is indefinite. The testimony of Washington Mason in regard to his transactions with Marshall, who seems to be an illiterate colored man, although active, vigorous and energetic, is certainly so peculiar and fragmentary that it does not place him in an enviable light. From the testimony it appears he was taking unfair advantages of Marshall, charging him six and eight per cent. interest per month, and in the adjustment and settlement of their affairs the smaller notes, given from time to time for money advanced, were counted in a larger note given in renewal of them, and which embraced also usury and the amount of the checks upon the bank, for which the smaller notes had already been given. The court evidently treated the transactions of Mason and Marshall as a series of attempts, partially successful, to defraud and rob a too-confiding and trusting man. To pay this $778 the Marshalls turned over the rents of the same property for four months, from February to June, 1886. The court found that the defendant Mason was in possession of

the property of Marshall from January 29, 1885, to June 1, 1886, about sixteen months altogether, and found that the amount of rents received by the Masons fully satisfied all the

2. Note—payment in full—finding, not error.

just claims held by Mason against them. We are inclined to believe that the findings of the court are amply sustained by the testimony. If we take the testimony of Marshall himself, it fully sustains them; and the testimony of Washington Mason, the agent of Mary S. Mason, who did all the business, is so halting, fragmentary and unsatisfactory that the court would have been justified in giving it very little credit. We believe, under the evidence and findings of the court, that the Masons should have been charged with the full amount of $125 per month for the sixteen months they had possession of the property, and that, amounting to $2,000, would have amply paid all the claims of the Masons against Marshall and his wife.

This disposes of the case; and we therefore recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.